United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   HARRY BODINE,                              No. C 11-2122 WHA (PR)

10                 Petitioner,                 **ORDER OF DISMISSAL**

11     v.

12  RANDY GROUNDS,

13                 Respondent.
                                        /
14

15                            **INTRODUCTION**

16         Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas

17  corpus pursuant to 28 U.S.C. 2254.  The petition challenges the denial of parole by the

18  California Board of Parole Hearings ("Board").

19                              **ANALYSIS**

20  **A.    STANDARD OF REVIEW**

21         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

22  custody pursuant to the judgment of a State court only on the ground that he is in custody in

23  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose*

24  *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

25  requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

26  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

27  court must "specify all the grounds for relief which are available to the petitioner ... and shall

28  set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

**United States District Court**
For the Northern District of California

1 the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not

2 sufficient, for the petition is expected to state facts that point to a 'real possibility of

3 constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

4 688, 689 (1st Cir. 1970)).

5 **B.    LEGAL CLAIMS**

6 Petitioner claims that the Board violated his protected liberty interest in parole because

7 the evidence warranted a finding that he would not pose a danger to the public if released and

8 that he would be suitable for parole. For purposes of federal habeas review, a California

9 prisoner is entitled to only "minimal" procedural protections in connection with a parole

10 suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural

11 protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth

12 Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement

13 of the reasons why parole was denied. *Id.* at 862. Petitioner does not dispute that he received

14 an opportunity to be heard and a statement of the reasons parole was denied. The constitution

15 does not require more. *Ibid.* The court in *Swarthout* explained that no Supreme Court case

16 "supports converting California's 'some evidence' rule into a substantive federal requirement."

17 *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule

18 of judicial review (a procedure beyond what the Constitution demands) was correctly applied."

19 *Id.* at 863. In light of the Supreme Court's determination that due process does not require that

20 there be any amount of evidence to support the parole denial, petitioner's claim fails to state a

21 cognizable basis for federal habeas relief.

**CONCLUSION**

23 In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.

24 Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to

25 rule on whether a petitioner is entitled to a certificate of appealability in the same order in which

26 the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable

27 //

28 //

**United States District Court**

For the Northern District of California

1    jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529

2    U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

3         The clerk shall enter judgment and close the file.

4         **IT IS SO ORDERED.**

5

6    Dated: May __27__, 2011.



         WILLIAM ALSUP
         UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

G:\PRO-SE\WHA\HC.11\BODINE2122.DSM.wpd

28

3